IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NANETTE N. MASON,  )  <br>   )  <br> Plaintiff,  )  <br>   )  <br> v.  )   No. 2:20-cv-02839-TLP-atc  <br>   )  <br>   )  <br> FEDERAL EXPRESS CORPORATION,  )  <br>   )  <br> Defendant.  )  | |

### REPORT AND RECOMMENDATION

On November 18, 2020, Plaintiff Nanette N. Mason filed a *pro se* complaint against Defendant Federal Express Corporation, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"). (ECF No. 1.) In addition, Plaintiff filed a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) Plaintiff's initial *in forma pauperis* submission was deficient, and she was ordered to submit a properly completed affidavit or pay the civil filing fee. (ECF No. 6.) On December 21, 2020, Plaintiff resubmitted her *in forma pauperis* affidavit and motion (ECF No. 7), which the Court granted on January 5, 2021 (ECF No. 9). This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons set forth below, it is recommended that Plaintiff's claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that Mason be given thirty days to amend her claims against Defendant, at which point Mason's claims can once again be screened

pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). The Court further recommends that, should Plaintiff fail to amend her Complaint within thirty days, it be dismissed in its entirety consistent with the following.

## **PROPOSED FINDINGS OF FACT**

Plaintiff filed her Complaint on a Court-supplied form alleging employment discrimination in violation of Title VII. (ECF No. 1, at ¶ 1.) As discriminatory conduct, Plaintiff alleges the following actions: termination of employment, unequal terms and conditions of employment, and retaliation. (*Id.* ¶ 6.) According to Mason, the alleged discriminatory acts took place on June 17, 2018. (*Id.* ¶ 7.) Plaintiff alleges generalized workplace harassment, disputes with her management and coworkers, and unequal treatment. (*Id.* ¶ 10.) However, Mason does not allege that she is a member of a protected class or that she was discriminated against because of such class membership. (*Id.* ¶¶ 9-10.)

According to Plaintiff, she filed an EEOC charge of discrimination against Defendant on or about November 29, 2018. (*Id.* ¶ 12.) The EEOC issued a Right to Sue ("RTS") Letter on August 18, 2020 (ECF No. 1-1), which Mason received on November 18, 2020.[1] (ECF No. 1, at ¶ 14). The EEOC's letter notified Mason that the EEOC was unable to conclude that the

---

[1] Plaintiff alleges that she did not receive the EEOC's RTS Letter until two months after it was issued. Even if Plaintiff received the letter sooner, her claim appears to be timely filed. To pursue her claim, Plaintiff was required to file her Complaint within ninety days of her receipt of the RTS Letter. "The Sixth Circuit has resolved that notice is given, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of an RTS notification to the claimant's record residential address, by virtue of a presumption of actual delivery and receipt within that five-day duration . . . ." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citations omitted). Plaintiff's RTS Letter was issued on August 18, 2020. Under the Sixth Circuit's rebuttable presumption of receipt in five days, Plaintiff was required to file her Complaint by November 21, 2020, such that her Complaint filed on November 18, 2020, appears to be timely filed.

information obtained established violations of Title VII or the ADEA. (ECF No. 1-1.) For relief, Mason seeks an unspecified amount of back pay from Defendant. (ECF No. 1, at 6.)

## PROPOSED CONCLUSIONS OF LAW

I.   **28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

II.  **Standard of Review for Failure to State a Claim**

To determine whether Mason's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Iqbal*, 556 U.S. at 678.  However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel."  *Kondaur Capital Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure."  *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants.  Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party.  While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII and ADEA plaintiffs are not required to plead the elements of a *prima*

*facie* case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint satisfies Rule 8(a)'s simplified pleading standard. *Swierkiewicz*, 534 U.S. at 513. Federal Rule of Civil Procedure 8(a) provides in relevant part that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "But where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

### III.     Mason's Title VII Claims

Mason alleges that she was wrongfully terminated, suffered unequal terms and conditions of employment, and was subjected to retaliation, asserting claims under Title VII. (ECF No. 1, at ¶¶ 1, 6.) Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The essential elements of a Title VII discrimination claim are: (1) the plaintiff is a member of a protected group; (2) she was subjected to an adverse employment action; (3) she was qualified for the position; and (4) either similarly situated, non-protected employees were treated more favorably or she was replaced by someone outside of her protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 393 (6th Cir. 2010).

No matter the basis, an essential element of any Title VII discrimination claim is that the plaintiff is a member of a protected class. *See id.* (requiring that the plaintiff demonstrate membership in a protected class for purposes of a race discrimination claim); *Woodson v. Holiday Inn Exp.*, No. 18-1468, 2018 WL 5008719, at *2 (6th Cir. Oct. 4, 2018) (applying the same requirement to color discrimination claims); *Burdette v. Fed. Exp. Corp.*, 367 F. App'x

628, 632 (6th Cir. 2010) (applying the same requirement to religious discrimination claims); *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004) (applying the same requirement to sex discrimination claims); *Yazdian v. ConMed Endoscopic Tech., Inc.*, 793 F.3d 634, 655–56 (6th Cir. 2015) (applying the same requirement to national origin discrimination claims).

Mason lists no bases of discrimination in her Complaint, and she makes no factual allegations that might allow the Court to infer that Mason was discriminated against on the basis of her membership in a protected class. (*See* ECF No. 1, at ¶¶ 9–10.) Mason thus fails to allege the first requirement of any Title VII claim and, as such, fails to state a claim upon which relief can be granted.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Mason's claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Court further recommends that Plaintiff be given thirty days to amend her claims against Defendant, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). The Court further recommends that, should Mason fail to amend her Complaint within thirty days, it be dismissed in its entirety.

Respectfully submitted this 30th day of April, 2021.

s/Annie T. Christoff  
ANNIE T. CHRISTOFF  
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.