IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **NANETTE N. MASON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:20-cv-02839-TLP-atc |
| ) | |
| **FEDERAL EXPRESS CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |

## SECOND REPORT AND RECOMMENDATION

On November 18, 2020, Plaintiff Nanette N. Mason filed a *pro se* complaint against Defendant Federal Express Corporation, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII").[1] (ECF No. 1.) After granting *in forma pauperis* status to Plaintiff, this Court entered a Report and Recommendation on April 30, 2021, recommending that Plaintiff's Title VII claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. (ECF No. 10.) The Court further recommended that Mason be given thirty days to amend her claims against Defendant, at which point her claims could once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2). (*Id.*)

In response to the Report and Recommendation, Plaintiff filed her Amended Complaint on May 18, 2021. (ECF No. 11.) On October 7, 2021, United States District Judge Thomas L. Parker entered an Order Adopting Report and Recommendation dismissing the original

---

[1] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Complaint without prejudice, accepting the filing of Plaintiff's Amended Complaint, and referring the Amended Complaint to this Court for further screening. (ECF No. 12.)

For the reasons set forth below, it is again recommended that Plaintiff's Title VII claims be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted. The Court further recommends that Plaintiff be given thirty days to amend her claims against Defendant, which can then be screened again.

## **PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In many respects, Plaintiff's Amended Complaint is substantively identical to her original Complaint. Plaintiff filed her Amended Complaint using the same court-supplied form as the original Complaint, and she again alleges employment discrimination in violation of Title VII by checking the first box on the first page of the Amended Complaint. (ECF No. 11 ¶ 1.) As discriminatory conduct, Plaintiff again alleges the following actions: termination of employment, unequal terms and conditions of employment, and retaliation. (*Id.* ¶ 6.) Like her original Complaint, the Amended Complaint contains no allegations that Plaintiff is a member of a protected class under Title VII or that discrimination took place because of such membership. (*Id.* ¶¶ 9–10.)

However, Mason now alleges that Defendant's discriminatory conduct was based on a disability, described as "twelve surgery and treatments at the West Cancer Center." (*Id.* ¶ 9.) Plaintiff specifically alleges she was discriminated against because she made disability-related reports to a "boss and HR also EEOC," "because [she] was sick a lot," and "because [she] wouldn't drop the EEOC charges." (*Id.* ¶10.)

Though Mason checked the Title VII box on the form, she alleges no facts supporting a claim under Title VII, which prohibits discrimination based on "race, color, religion, sex, or

2

national origin." 42 U.S.C. § 2000e-2(a). Instead, based on Mason's allegations of discrimination due to a disability, it appears Mason intends to assert a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12112 *et seq.* (the "ADA"). However, she failed to indicate that her claims are brought pursuant to the ADA by checking the third box on the form.

Because Plaintiff asserts only Title VII claims but has failed to state a claim under Title VII, this Court recommends that the Amended Complaint be dismissed and that she be given leave to amend to allege an applicable cause of action.

## **RECOMMENDATION**

For the foregoing reasons, the Court recommends that Mason's Title VII claims be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Court further recommends that Plaintiff be given another thirty days to amend her claims against Defendant, at which point her claims can once again be screened pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2).

Respectfully submitted this 4th day of November, 2021.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute waiver of objections, exceptions, and further appeal.