**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| NANETTE N. MASON, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | No. 2:20-cv-02839-TLP-atc |
| v. | ) | |
| | ) | |
| FEDERAL EXPRESS CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION TO DISMISS CASE**

Pro se Plaintiff, Nanette Mason, sued Defendant, Federal Express Corporation, alleging discriminatory conduct under Title VII of the Civil Rights Act of 1964.  (ECF No. 1.)  Under Administrative Order No. 2013-05, the Court referred this case to a United States Magistrate Judge for management of all pretrial matters.  Magistrate Judge Christoff ("Judge Christoff") screened the case, under 28 U.S.C. § 1915(e)(2)(B) and Local Rule 4.1(b)(2), and issued a Report and Recommendation ("R&R") recommending that the Court dismiss Plaintiff's complaint because it failed to state a claim.  (ECF No. 10 at PageID 36.)  However, Judge Christoff also recommended that the Court give Plaintiff thirty days to amend her complaint; and, if Plaintiff amended, to conduct another round of screening of that amended complaint. (*Id.*)  In response, Plaintiff amended her complaint (ECF No. 11), and this Court adopted the R&R, dismissing Plaintiff's original complaint without prejudice (ECF No. 12).

After a second round of screening, Judge Christoff issued another R&R, again recommending that this Court dismiss Plaintiff's claims without prejudice and to give Plaintiff

another thirty-day period to amend her complaint.  (ECF No. 13.)  The Court adopted the second R&R.  (ECF No. 16.)

But Plaintiff failed to amend her complaint by the deadline, so Judge Christoff entered an Order to Show Cause (ECF No. 18), requiring Plaintiff to file her second amended complaint by June 19, 2022.  In doing so, Judge Christoff "strongly cautioned" Plaintiff that if she failed to file a second amended complaint, the Court would dismiss her case.  (*Id.* at PageID 56.) Plaintiff did nothing in response.

A magistrate judge may submit an R&R to a district judge for the determination of certain pretrial matters, including dismissal of a case for failure to state a claim. 28 U.S.C. § 636(b)(1)(A)–(B).  And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).  If neither party objects, then the district court reviews an R&R for clear error.  Fed. R. Civ. P. 72(b) advisory committee notes.  And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

The Court agrees with Judge Christoff's finding that this case should be dismissed for two reasons.  (ECF No. 19 at PageID 59.)  First, the Court has already found that Plaintiff's original and amended complaints fail to state a claim for which relief can be granted.[1]  The Court agrees with Judge Christoff's recommendation that Plaintiff's failure to amend her complaint a second time—despite an order to show cause—justifies dismissal.

---

[1] The Court incorporates its orders adopting Judge Christoff's First (ECF No. 12) and Second (ECF No. 16) Report and Recommendation, addressing Plaintiff's original and amended complaints.

Second, the Court agrees that Plaintiff failed to prosecute this case.  Judge Christoff cites Rule 41(b) which allows district courts to "manage their dockets and avoid unnecessary burdens on both courts and opposing parties."  *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013). Applying Sixth Circuit precedent, Judge Christoff emphasized that Plaintiff's conduct reveals "an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings."  *Id.* at 570.  (ECF No. 19 at PageID 59–60.)  The Court also agrees with Judge Christoff's observation that the Court has granted Plaintiff "multiple opportunities to file amended complaints to remedy the pleading deficiencies," but she failed to do so.  (*Id.* at PageID 60.)  Plus Plaintiff filed no objections to Judge Christoff's R&R, and the deadline to do so has now passed.

The Court has reviewed the R&R for clear error and finds none.  The Court also agrees with Judge Christoff's analysis and conclusions.  The Court therefore **ADOPTS** Judge Christoff's R&R, and **DISMISSES** the case without prejudice.

**SO ORDERED**, this 2nd day of December, 2022.

 s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE